NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NICOLE S. A. B., | |
| Petitioner, | Civil Action No. 19-14608 (JMV) |
| v. | **OPINION** |
| RONALD EDWARDS, | |
| Respondent. | |

**VAZQUEZ, District Judge:**

## I.  INTRODUCTION

Presently before the Court is Petitioner's Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241, challenging her ongoing immigration detention. (DE 1.) By way of that pleading, Petitioner requests that this Court order her release from detention, enjoin Respondent from detaining her further, and grant her an electronic monitoring device. (DE 1, at 23.) For the reasons stated herein, the Petition is denied.

## II.  BACKGROUND

Petitioner is a native and citizen of Jamaica. (DE 6-1, at 1.) In 1999, following a period of immigration detention, Petitioner voluntarily departed the United States for Jamaica. (*Id.* at 3; ECF No. 6-8 ¶¶ 3–6.) At some point between her voluntary departure in 1999 and 2009, Petitioner returned to the United States. (*See* DE 6-8 ¶ 6–7.) On October 29, 2009, an immigration judge ("IJ") ordered Petitioner's removal from the United States. (*Id.* ¶ 7.) Sometime thereafter, Petitioner re-entered the United States and was again removed on September 26, 2016. (DE 6-1, at 3.)

Following the 2016 removal, it appears that Petitioner again entered the United States. On August 10, 2017, Petitioner was arrested by Immigration and Customs Enforcement ("ICE") for illegal re-entry in violation of 8 U.S.C. § 1326(a), (b)(1). (DE 6-1, at 3.) Petitioner was convicted of that charge in the United States District Court for the Eastern District of New York on February 6, 2018. (*Id.*) That same day, Petitioner was sentenced to an eight-month term of imprisonment and was granted credit for time-served since her arrest on August 10, 2017. (*Id.*) Petitioner re-entered ICE custody on April 6, 2018. (DE 6-2.)

On April 17, 2018, Petitioner was served with a Notice of Referral to an Immigration Judge, notifying her that her prior removal order was reinstated. (DE 6-3.) Petitioner then requested a review of her reasonable fear claim. (*Id.* at 1.) On May 22, 2018, Petitioner and her counsel appeared for a reasonable fear hearing before an IJ. (DE 6-8 ¶ 8.) At that hearing, the IJ made a finding of reasonable fear and vacated the prior decision of the Department of Homeland Security ("DHS"). (*Id.*) Petitioner was thereafter placed into withholding-only proceedings. (*Id.*) On August 15, 2018, Petitioner and counsel appeared for a master calendar hearing before an IJ, at which time the hearing was adjourned to an individual calendar hearing on the merits to allow Petitioner time to file an application for withholding of removal. (*Id.* ¶ 9.) On November 5, 2018, Petitioner and counsel appeared for a hearing on the merits of Petitioner's request for withholding of removal. (DE 6-4.) Petitioner's request was denied. (*Id.*) Petitioner appealed that denial to the Board of Immigration Appeals ("BIA") on November 23, 2018.

On November 27, 2018, Petitioner requested an individualized bond hearing in light of the Third Circuit's decision in *Guerrero-Sanchez v. Warden York Cty. Prison*, 905 F.3d 208 (3d Cir. 2018). (DE 6-5.) Petitioner was originally scheduled to appear for a bond hearing on December 20, 2018, but the hearing was adjourned to January 2, 2019. (DE 6-8 ¶ 13.) Petitioner appeared

with counsel for a bond hearing on January 2, 2019, which was later adjourned to allow Petitioner time to prepare. (*Id.* ¶ 14.) On January 10, 2019, Petitioner appeared with counsel for a bond hearing, at which time Petitioner's request for bond was denied because the IJ found that Petitioner was a flight risk and posed a danger to the community. (DE 6-6.) Petitioner reserved her right to appeal that decision. (*Id.*)

On February 4, 2019, the BIA dismissed Petitioner's appeal of the IJ's decision on withholding because Petitioner had waived her right to appeal the decision. (DE 6-7.) Petitioner appealed that decision to the Second Circuit on March 5, 2019. *Nicole S. A. B. v. Barr*, No. 19-553 (2d Cir. Mar. 5, 2019). On March 15, 2019, Petitioner filed a motion for stay of removal. *Nicole S. A. B.*, No. 19-553 (Mar. 15, 2019). That motion has not yet been ruled on. Pursuant to a forbearance agreement between ICE and the Second Circuit, Petitioner's removal will be delayed until the adjudication of her motion for stay of removal.

### III. ANALYSIS

Under 28 U.S.C. § 2241(c)(3), habeas relief may be extended to an immigration detainee who "is in custody in violation of the Constitution or laws or treaties of the United States." Petitioner claims that she is detained pursuant to 8 U.S.C. § 1226(c). (*See* DE 1, at 5.) Nevertheless, it is apparent to the Court that Petitioner is, in fact, detained pursuant to 8 U.S.C. § 1231 because she is subject to a final order of removal. Section 1231(a)(5) provides:

> If the Attorney General finds that an alien has reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal, the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed, the alien is not eligible and may not apply for any relief under this chapter, and the alien shall be removed under the prior order at any time after the reentry.

Petitioner is subject to a 2009 order of removal which was reinstated in 2018 following her

conviction of illegal re-entry. (DE 6-1, at 3–4.) After being served with notice of that reinstatement, Petitioner applied for withholding only relief based on her claim that she faces a threat if returned to her native country of Jamaica. Petitioner's application for withholding only relief is now pending before the Second Circuit. *See Nicole S. A. B.*, No. 19-553 (2d Cir.). Even if Petitioner were to succeed on her application, she would still be subject to removal from the United States; she will simply be exempt from removal to Jamaica. *See Michael D.R. v. Green*, No. 18-15063, 2019 WL 1579528, at *3 (D.N.J. Apr. 12, 2019). Thus, because Petitioner is subject to a final removal order, she is presently held as a post-removal order immigration detainee under 8 U.S.C. § 1231(a). *See Guerrero-Sanchez*, 905 F.3d at 211 (holding "that a reinstated order of removal against an alien who has initiated withholding-only proceedings is administratively final").

Section 1231(a)(1)(A) provides that, "[e]xcept where otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). The Attorney General is required to detain the alien during the 90-day removal period. *See* § 1231(a)(2). If the alien is not removed within the removal period, she may either be detained or released on bond. *See* § 1231(a)(6). Section 1231(a)(6) specifically provides that

> An alien ordered removed [1] who is inadmissible . . . [2] [or] removable [as a result of violations of status requirements or entry conditions, violations of criminal law, or reasons of security or foreign policy] or [3] who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to [certain] terms of supervision.

*Guerrero-Sanchez*, 905 F.3d at 219–20 (alterations in original) (quoting 8 U.S.C. § 1631(a)(6)).

In *Zadvydas v. Davis*, the Supreme Court held that post-removal detention pursuant to

4

section 1231(a)(6) must be limited "to a period reasonably necessary to bring about that alien's removal from the United States." 533 U.S. 678, 689 (2001). Put differently, "[o]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699. To obtain habeas relief under *Zadvydas*, a petitioner who has been detained for six months past the removal period must demonstrate "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* at 701. If the Government cannot rebut that showing with sufficient evidence, habeas relief should be granted. *See id.* However, the Supreme Court has cautioned that this standard "does not mean that every alien not removed must be released after six months" and clarified that "an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*

In *Guerrero-Sanchez*, the Third Circuit noted that *Zadvydas* did not "address the due process concerns posed by prolonged detention of someone . . . who is still seeking withholding only relief." 905 F.3d at 220. Indeed, *Zadvydas* addressed "only the detention of noncitizens who . . . have exhausted all administrative remedies and judicial challenges to removal . . . and are only waiting for their removal to be effectuated." *Id.* In that connection, the *Guerrero-Sanchez* court held that, "an alien detained under § 1231(a)(6) is generally entitled to a bond hearing after six months (*i.e.*, 180 days) of custody." *Id.* at 226. If, at a bond hearing before an IJ, the Government fails to demonstrate that "the alien poses a risk of flight or a danger to the community," the alien is entitled to release. *Id.* at 224 (quoting *Diouf v. Napolitano*, 634 F.3d 1081, 1092 (9th Cir. 2011)). Critically, an alien will only be released if the IJ determines that the alien does not "pose either a flight risk or a danger to the community." *Id.* at 225 n.13.

Here, Petitioner requested a bond hearing pursuant to *Guerrero-Sanchez* on November 27,

5

2018, (DE 6-5), and such a hearing was held on January 10, 2019, (DE 6-8 ¶ 15). At that time, bond was denied as the IJ found that Petitioner posed both a flight risk and a danger to the community. (DE 6-6.) Petitioner has not made any allegation that the January 10, 2019 bond hearing was constitutionally deficient in any way. Moreover, while Petitioner reserved her right to do so, she did not file any appeal of the IJ's decision on bond. This Court lacks jurisdiction to review the bond decision. *See Manuel H. v. Green*, No. 17-0866, 2019 WL 2710676, at *2 (D.N.J. June 28, 2019) (noting that the court lacked jurisdiction to review the IJ's decision to deny bond (citing 8 U.S.C. § 1226(e)).

Nor is Petitioner entitled to release under *Zadvydas*. As explained above, *Zadvydas* provides that detention of an alien under § 1231(a) in excess of six months is no longer permissible "where removal is no longer reasonably foreseeable." *Id.* at 689, 699. Here, Petitioner's detention has exceeded six months, but she has not met her burden of demonstrating that "there is no reasonable likelihood of actual removal in the reasonably foreseeable future." *Barenboy v. Att'y Gen. of United States*, 160 F. App'x 258, 261 n.2 (3d Cir. 2005). Indeed, Petitioner merely alleges, in conclusory fashion, that her detention has been unreasonably prolonged. (*See* DE 1.) Petitioner fails to make any allegation that would relate to the likelihood of her removal. She has therefore failed to meet her burden as set forth *Zadvydas*. Accordingly, relief is denied.

## IV. CONCLUSION

For the reasons stated above, Petitioner's § 2241 Petition is denied without prejudice. An appropriate Order accompanies this Opinion.

12/5/19  
Date

s/ John Michael Vazquez  
JOHN MICHAEL VAZQUEZ  
United States District Judge